Filed 7/26/23  P. v. Villegas CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H050260 |
| Plaintiff and Respondent, | (Monterey County Super. Ct. No. 21CR010223) |
| v. | |
| RICHARD JOHN PONTINO VILLEGAS, | |
| Defendant and Appellant. | |

Appealing from the trial court's denial of his post-plea *Romero*[1] motion to dismiss a prior strike conviction, defendant Richard John Pontino Villegas contends that the court was not permitted to find that the "great weight" afforded to certain statutory "mitigating circumstances" was outweighed by other factors "in the furtherance of justice" unless the trial court found "that dismissal of the [prior strike] would endanger public safety."  (Pen. Code, § 1385, subds. (c)(1)-(2).)[2]  We reject that contention.  Accordingly, even

---

[1] *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497, 530-531 (*Romero*).

[2] Undesignated statutory references are to the Penal Code.

assuming subdivision (c) of section 1385 applies to requests to dismiss a prior strike,[3] we affirm.

## I.     BACKGROUND

On the evening of December 9, 2021, Villegas was sitting in the front passenger seat of a Cadillac when police conducted a traffic stop.  Because both Villegas and the driver were subject to Postrelease Community Supervision (PRCS), the police searched the Cadillac, finding a loaded handgun in a backpack.  Although Villegas told police that the backpack was already in the Cadillac before he got in, the driver told police that Villegas brought the backpack.  The police arrested Villegas.

The Monterey County District Attorney charged Villegas with three counts: (1) felony possession of a firearm by a felon (§ 29800, subd. (a)(1)); (2) felony carrying a concealed firearm (§ 25400, subd. (a)(1)); and (3) felony possession of ammunition (§ 30305, subd. (a)(1)).  The district attorney alleged that Villegas had one prior strike, a January 19, 2016 conviction for making criminal threats (§ 422).  In return for the district attorney's agreement to cap his sentence at four years in prison (the two-year middle term, doubled), Villegas pleaded no contest to count 1 and admitted the prior strike.

As set forth in the probation officer's sentencing report, Villegas, who was 24 years old at the time of sentencing, committed two felonies on separate occasions while he was 18 years old:  (1) making criminal threats (§ 422); and (2) carrying a concealed dirk or dagger (§ 21310).  As found by the trial court without objection from Villegas, the conviction for making criminal threats resulted from an episode in which Villegas "severely beat his girlfriend" and, when she "was able to get away, he armed himself with a knife and threatened to kill her.  He repeatedly told his girlfriend that if

---

[3] Villegas's appellate arguments depend on the disputed premise that section 1385, subdivision (c), applies to strike priors.  To the extent it does not, Villegas has asserted no alternative basis for reversal.

2

she told anyone what happened, that he would kill her."[4]  While on probation for the criminal threats, Villegas incurred the dirk or dagger conviction and was sentenced to two-year prison terms for the violation of probation and the new conviction.  Just over three years following the second offense, Villegas committed a felony vehicle theft (Veh. Code, § 10851, subd. (a)) together with misdemeanors relating to the possession of a switchblade and controlled substances (§ 21510; Health & Safety Code, § 11350) and misrepresenting his identity to a peace officer (§ 148.9, subd. (a)).  This resulted in another prison sentence.

As to the current offense, the probation officer noted that the "weapons charge involved a loaded firearm with a high-capacity magazine containing seventeen rounds of ammunition."  Moreover, the probation officer wrote that Villegas "self-reported being an active . . . gang member" and while on PRCS "failed to report as directed" and "tested positive for methamphetamine, cocaine, and alcohol."

In his briefing to the trial court in support of his *Romero* motion, Villegas's counsel acknowledged that "[m]uch of [Villegas's] life in [the last seven years] ha[d] been spent in prison."  But he stated that prior to the present arrest Villegas had "made the effort to turn his life around," as demonstrated by finding housing and employment and preparing himself to participate in a "program."[5]  Counsel acknowledged that Villegas was "in a repetitive pattern" and stated that a prison sentence would "be a

_____

[4] The trial court's characterization of the prior strike appears to derive from the district attorney's brief filed and served in anticipatory opposition to the *Romero* motion Villegas would file a month later.  The District Attorney purports to summarize an incident report by Placer County Sheriff's Department; the report itself is not in the appellate record.  Villegas, in his *Romero* brief and his oral argument alike, offered neither objection to the District Attorney's reliance on the report nor any dispute as to the proffered facts.

[5] Villegas's brief to the trial court was internally inconsistent as to whether Villegas had housing at the time of his arrest.  The brief was not accompanied by an evidentiary filing.  Villegas did not offer any additions or corrections to the probation report at the sentencing hearing.

3

continuation of the life he has known for the past six years," but urged the court to "break that pattern" "[f]or him to be successful."

In an oral ruling denying Villegas's motion, the trial court stated that it had considered all of the mitigating factors set forth in section 1385, subdivision (c). The court specifically noted that the facts necessary to satisfy section 1385, subdivision (c)(2)(F), were present—the current offense was not a violent felony under the statute. But the court proceeded to explain that although "[t]he existence of the previously[ ]mentioned mitigating factors weigh strongly in favor of dismissal of the prior strike allegation; . . . there is substantial evidence of countervailing considerations" "that outweigh the aforementioned relevant mitigating factors" in the "furtherance of justice." The court predicated this finding on Villegas's criminal history, including the facts surrounding his prior strike; his past performance on PRCS, including his drug use; his unsuccessful stint on Pretrial Release Services; and "the particulars of his background, character and prospects which are not positive given his continued decision to consistently violate the law." The court underscored Villegas's "history of violence and weapons-related offenses" and his "fail[ure] or refus[al] to learn his lesson."

The trial court sentenced Villegas two years, doubled to four as a consequence of the strike prior, with 248 days' credit for time spent in custody. Villegas timely appealed.

## II.    DISCUSSION

### A.    Romero

A trial court's authority under section 1385, subdivision (a), to dismiss "an action" includes the authority to dismiss allegations of prior serious or violent convictions (i.e., prior strikes) in the furtherance of justice, considering " ' "both . . . the constitutional rights of the defendant, and the interests of society represented by the People . . . ." ' " (*Romero*, *supra*, 13 Cal.4th at p. 530, italics omitted; see also *People v. Williams* (1998) 17 Cal.4th 148, 161 (*Williams*) [identifying factors to be considered in determining whether a defendant "may be deemed outside the scheme's spirit, in whole or in part"].)

4

We review for abuse of discretion the grant or denial of a *Romero* motion. (*Williams*, *supra*, 17 Cal.4th at p. 162; see also *People v. Garcia* (1999) 20 Cal.4th 490, 503.)  Absent a showing that the trial court's refusal to dismiss a strike allegation was arbitrary or irrational, we presume that the court " ' "acted to achieve [the] legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' "  (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)  Such a discretionary decision " ' "will not be reversed merely because reasonable people might disagree." ' "  (*Ibid*.)

**B.**     ***Senate Bill 81 and Section 1385, Subdivision (c)***

Senate Bill 81 (Reg. Sess., 2021-2022) added subdivision (c) to section 1385. Subdivision (c) provides,[6] "Notwithstanding any other law, the court shall dismiss an enhancement if it is in the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."  (§ 1385, subd. (c)(1).)  "In exercising its discretion under [subdivision (c)], the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in [the subparagraphs to subdivision (c)(2)] are present.  Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety.  'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).)  The mitigating circumstances identified in the subparagraphs include, among others:  (1) "The current offense is not a violent felony as defined in subdivision (c) of Section 667.5[;]" and (2) "The enhancement is based on a prior conviction that is over five years old."  (§ 1385, subd. (c)(2)(F) & (H).)

---

[6] Section 1385, subdivision (c), was further modified by amendments that went into effect on June 30, 2022.  Those amendments did not alter the substantive statutory provisions we discuss here.

In *People v. Ortiz* (2023) 87 Cal.App.5th 1087, 1093, review granted April 12, 2023, S278894 (*Ortiz*), we held that the statutory "specification of mandatory factors did not displace the trial court's obligation to exercise discretion in assessing whether dismissal is 'in the furtherance of justice.' "  Moreover, we rejected the contention that the existence of a statutory mitigating circumstance compels a trial court to dismiss an enhancement absent a finding that a dismissal would endanger public safety.  (*Id.* at p. 1098; see also *People v. Mendoza* (2023) 88 Cal.App.5th 287, 297 ["consideration of the mitigating factors in section 1385(c)(2) is not required if the court finds that dismissal of the enhancement would endanger public safety"]; but see *People v. Walker* (2022) 86 Cal.App.5th 386, 399-400, review granted March 22, 2023, S278309 ["the term 'great weight' places a thumb on the scale that balances the mitigating circumstances favoring dismissal against whether dismissal would endanger public safety, and tips that balance in favor of dismissal unless rebutted by the court's finding that dismissal would endanger public safety"].)  Under our interpretation in *Ortiz*, unless dismissal of an enhancement will endanger public safety, a trial court must afford great weight to evidence of statutory mitigating circumstances in exercising its discretion to determine whether dismissal of the enhancement is in the furtherance of justice.

## C.    *Analysis*

Villegas contends that the trial court erred in its application of section 1385, subdivision (c), in two ways:  (1) the trial court did not assign great weight to the fact that Villegas's prior strike conviction was more than five years old; and (2) the trial court found that the great weight afforded to mitigating circumstances was outweighed by other considerations without finding that dismissal of the prior strike would endanger public safety.  Applying our recent decision in *Ortiz* to the record in this case, we reject Villegas's contentions.  Villegas has not shown that the trial court abused its discretion in denying his *Romero* motion.  (See *Carmony*, *supra*, 33 Cal.4th at pp. 376-377.)

6

First, we are unable to infer from the present record that the trial court failed to give great weight to the age of Villegas's prior strike conviction. In its oral ruling, the court stated that it had "considered the mitigating factors listed in section 1385[(c)(3)(A)-(I),]"[7] among other things. The court stated that "the current firearm possession offense is not a violent felony as defined in Penal Code Section 667.5(c)." Without expressly identifying the connection between that fact and the mitigating circumstances or identifying other facts relevant to the mitigating circumstances, the trial court stated that "[t]he existence of the previously[ ]mentioned mitigating factors weigh strongly in favor of dismissal of the prior strike allegation."

Villegas interprets the trial court's comments as reflecting a failure to give great weight to the fact that his prior strike occurred more than five years prior to the current offense. But the trial court's subsequent comments concerning Villegas's criminal history leave no doubt that the trial court was aware that the prior strike conviction occurred more than five years prior to the present offense. Moreover, the trial court referred to the existence of statutory "mitigating factors," plural, and Villegas has identified only two statutory mitigating factors that were shown on the present record—the nonviolent nature of the current offense and the age of the prior strike. On this record, we are not persuaded that the trial court failed to give great weight to the age of the prior strike in its analysis. (See *Carmony*, *supra*, 33 Cal.4th at pp. 376-377.)

Second, consistent with our analysis in *Ortiz*, the trial court's treatment of the mitigating circumstances was within the scope of its discretion. Having found that mitigating circumstances were present, the trial court afforded them great weight. Even so, upon a holistic consideration of the *Williams* factors, the trial court determined that other considerations outweighed the great weight afforded to the mitigating

---

[7] At the time of the sentencing hearing, the relevant factors were listed under subdivision (c)(3) rather than subdivision (c)(2) of section 1385.

7

circumstances. Under *Ortiz*, this is a proper mode of analysis. (See *Ortiz*, *supra*, 87 Cal.App.5th at p. 1099, review granted.) Nor do we infer on this record that the trial court—having ruled before issuance of the divergent opinions in *Walker*, *Mendoza*, or *Ortiz*—resolved the public safety issue in Villegas's favor. The trial court's focus on the violence involved in his prior strike offense, Villegas's continuing gang membership, and the persistence of his armed criminal activity while under supervision suggest that it considered public safety in its decision to sentence Villegas to the maximum term permitted by the parties' plea agreement.

Accordingly, we reject Villegas's contention that the trial court's analysis constituted an abuse of discretion because the trial court found that the mitigating circumstances present here were outweighed without an express finding that dismissal of the enhancement would endanger public safety. (See *Ortiz*, *supra*, 87 Cal.App.5th at p. 1099, review granted.)[8]

### III. DISPOSITION

We affirm the judgment.

---

[8] We do not reach the Attorney General's argument that the trial court need not have conducted as section 1385, subdivision (c), analysis at all. (See *People v. Burke* (2023) 89 Cal.App.5th 237, 243-244.)

_____

LIE, J.

WE CONCUR:


_____

GREENWOOD, P.J.



_____

GROVER, J.




*People v. Villegas*
H050260